IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICHARD GILLIAM,**
**#209415**                                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 4:19-cv-682-KGB-BD**

**MATTHEW HODGE**                                                                          **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Any party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Background**

Plaintiff Richard Gilliam, a pretrial detainee at Lonoke County Detention Facility (LCDF), filed this civil rights lawsuit on September 30, 2019, without the help of a lawyer. (Docket entry #2) After screening the amended complaint, the Court ordered service of process for Defendant Hodge based on allegations that he violated Mr. Gilliam's right to equal protection of the law. (#7) Defendant Hodge has now filed a motion to dismiss. (#12) Mr. Gilliam has not responded.

### III. Discussion

    A. Equal Protection Claims

Defendant Hodge has moved to dismiss Mr. Gilliam's equal protection claims because those same claims are pending in a separate lawsuit.[1] On May 6, 2019, Mr. Gilliam filed a lawsuit claiming, among other things, that Defendant Hodge violated his constitutional rights while Mr. Gilliam was held in administrative segregation at the LCDF. *Gilliam v. Staley,* et al., E.D. Ark. Case No. 4:19-cv-356-JM-JTR. In his January 9, 2020 screening order, Judge J. Thomas Ray ordered service of process on claims that Defendant Hodge and other officials discriminated against Mr. Gilliam based on his race by placing multiple padlocks on his cell door; removing bunks, table, and stool from his cell; and requiring him to sleep on the concrete floor. (#35, *Gilliam v. Staley,* et al., E.D. Ark. Case No. 4:19-cv-356-JM-JTR)

Mr. Gilliam filed this lawsuit on September 30, 2019, claiming that Defendant Hodge treated him differently from other pretrial detainees at the LCDF because of his race. (#2, p.5; #6) As in his earlier-filed case, Mr. Gilliam complained that his cell was furnished differently as compared to other detainees. For example, there were padlocks

---

[1] Defendant Hodge also argues that the Court should dismiss all claims against him because Mr. Gilliam admitted in his complaint that he had not exhausted the grievance process when he filed this lawsuit. (#13) Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005). It cannot be decided on a motion to dismiss.

on his cell door; and his cell had no bunk, table, chair, mirror, or towel hanger. (#6, pp.4-5)

Mr. Gilliam's equal protection claims against Defendant Hodge should be dismissed, without prejudice, because these same claims are pending in another case, *i.e.*, *Gilliam v. Staley,* et al., E.D. Ark. Case No. 4:19-cv-356-JM-JTR.

B.     Slander and Defamation Claims

In this case, Mr. Gilliam also claims that Defendant Hodge defamed him by telling other inmates that he would likely murder them if given the chance. (#2, #6) These allegations do not state a federal claim for relief. To the extent Mr. Gilliam has set out state claims for relief, the Court should decline to retain jurisdiction over those state claims if no federal claims remain.

**IV.    Conclusion**

The Court recommends that Defendant Hodge's motion to dismiss (#12) be GRANTED and that claims against him be dismissed, without prejudice.

DATED this 21st day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE